UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL SJOSTROM, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HARRY R KRAATZ, et al.,<br><br>    Defendants. | Case No. 16-cv-01381-DMR<br><br>**ORDER DENYING AMENDED MOTION TO SEAL THE COMPLAINT**<br><br>Re: Dkt. No. 10 |

On March 21, 2016, Plaintiffs Joel Sjostrom and Aegis Retail One, LLC ("Plaintiffs") filed a complaint alleging claims for fraud, breach of fiduciary duty, intentional interference with prospective economic relations, violation of federal securities law, violations of the Racketeering and Corrupt Organizations Act, and unfair competition against Defendants Harry Kraatz and HKSB, LLC. Complaint [Docket No. 1]. On June 21, 2016, Plaintiffs filed a motion to seal the complaint in its entirety. Plaintiffs assert that the parties have reached a full settlement, and that upon full review of the facts, Plaintiffs now believe that they do not have a sufficient basis to litigate the case. Plaintiffs therefore seek to seal the complaint because the allegations made therein could harm Kraatz's reputation. Amended Motion to Seal ("Mot.") [Docket No. 10]. The court has determined that this matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). The motion hearing set for July 28, 2016 is hereby vacated.

## I. LEGAL STANDARD

The public has a right of access to judicial proceedings and court records are normally open to the public. *Nixon v. Warner Communications,* 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents" (citations omitted)). The Ninth Circuit "start[s] with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut.*

1  *Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Two standards govern motions to seal court
2  documents. A "compelling reasons" standard applies to dispositive motions, such as motions for
3  summary judgment. A "good cause" standard applies to non-dispositive motions, such as
4  discovery motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).
5  Motions that are technically non-dispositive may still require the party to meet the "compelling
6  reasons" standard when the motion is more than tangentially related to the merits of the case. *Ctr.*
7  *for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

8        To meet the "good cause standard," "a 'particularized showing' under the . . . standard of
9  Rule 26(c) will 'suffice.'" *Kamakana,* 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).
10 Compelling reasons generally exist when the "'files might have become a vehicle for improper
11 purposes,' such as the use of records to gratify private spite, promote public scandal, circulate
12 libelous statements, or release trade secrets." *Id.* (quoting *Nixon*, 435 U.S. at 598), or where court
13 files may serve "as sources of business information that might harm a litigant's competitive
14 standing." *Nixon*, 435 U.S at 598-99.

15       Under the local rules in this district, sealing orders "may issue only upon a request that
16 establishes that the [information] is privileged or protectable as trade secret or otherwise entitled to
17 protection under the law." Civil L.R. 79-5(b). All requests to file under seal must be "narrowly
18 tailored," such that only sealable information is sought to be redacted from public access. *Id.*

19 **II.    ANALYSIS**

20       Plaintiffs seek to seal the complaint in its entirety. Because the complaint is more than
21 tangentially related to the merits of the case, the compelling reasons standard governs the sealing
22 request. *Schwartz v. Cook*, No. 5:15-CV-03347-BLF, 2016 WL 1301186, at *1 (N.D. Cal. Apr. 4,
23 2016) (compelling reasons standard governed motion to seal portions of the complaint); *In re*
24 *NVIDIA Corp. Derivative Litig.,* No. 06–cv–06110–SBA, 2008 WL 1859067, at *3 (N.D. Cal.
25 Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be
26 disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed
27 of.").
28

1  Plaintiffs argue that the complaint should be sealed because the fraud-related allegations in
2  the complaint could harm the reputation and livelihood of Kraatz, a re-organization specialist who
3  assists struggling companies and whose business involves reviewing the confidential information
4  of clients during restructuring.  Mot. at 4.  Plaintiffs contend that allowing the complaint to remain
5  public "would not only be an embarrassment to Mr. Kraatz but could be catastrophic as current
6  and potential clients will distance themselves from Mr. Kraatz out of caution, if not a belief that
7  Mr. Kraatz has ulterior motives." *Id.* at 4-5.  Similarly, Plaintiff Sjostrom's declaration in support
8  of the motion to seal states: "Due to the nature of the claims alleged in the Complaint, I believe
9  harm could occur that may substantially injure defendant Harry Kraatz's reputation that assists
10 struggling businesses to restructure and attract new investors." Declaration of Joel Sjostrom
11 [Docket No. 10-1] at ¶ 5.

12 However the Ninth Circuit has made clear that "[t]he mere fact that the production of
13 records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will
14 not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.  When
15 sealing documents under the compelling reason standard, a "district court must base its decision
16 on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis
17 or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).  In the absence of
18 specifically articulated reasons, "meaningful appellate review is impossible." *Id.* at 1435.
19 Although Plaintiffs nakedly assert that the "[c]omplaint has inadvertently become a vehicle for
20 improper purposes that could promote a public scandal or circulate libelous statements," they do
21 not provide any factual basis supporting this claim.  Mot. at 5.

22 In short, Plaintiffs have failed to provide a compelling reason to seal the complaint
23 sufficient to overcome the public's interest in disclosure.  Furthermore, Plaintiffs' request to seal
24 the entire complaint is not narrowly tailored and fails to comply with Civil Local Rule 79-5(b).
25 Therefore, Plaintiffs' motion to seal the complaint is denied.

26 //
27 //
28 //

3

### III. SETTLEMENT OF THE CASE

In their motion, Plaintiffs also state that "the parties have come to a settlement agreement and that Plaintiffs have dismissed the Complaint." Mot. at 4. However, no notice of settlement or dismissal has been filed in this case. Therefore, Plaintiffs shall file a status report or dismissal within 30 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: July 21, 2016

                                      Donna M. Ryu
                         United States Magistrate Judge